## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CHARLES GALLEGOS
and
KRISTI GALLEGOS,
husband and wife, d/b/a
"RELIABLE COURIER EXPRESS"

        Plaintiffs,

        vs.                                               No. CIV 01-0290 LH/RLP

CSK AUTO, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on Defendant's Motion to Dismiss (Docket No. 6) filed March 19, 2001. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, finds that the Motion shall be **denied.**

      The facts of this case, as alleged in the Complaint, are as follows. In March 2000, Plaintiffs and Defendant entered into an oral agreement whereby Plaintiffs were to provide delivery and courier services to Defendant on a continuing basis, based upon Plaintiffs' standard pricing. (Compl. ¶ 6, 8.) Plaintiffs, on a weekly basis, would submit invoices for services rendered to Defendant, and Defendant would fully pay those invoices upon receipt. (Compl. ¶ 6.) The term of the oral agreement would be for a minimum of three years unless extended by mutual agreement of the parties. (Compl. ¶ 6, 7, 8.) Despite Defendant's representation to Plaintiffs that it would reduce the oral agreement

to writing, a written form of the oral contract was never delivered to Plaintiffs. (Compl. ¶ 8.) Plaintiffs fully performed the contract for eight months when Defendant breached the contract by terminating the contract. (Compl. ¶ 10, 12, 16.) Defendant has refused to continue performance of the contract (Compl. ¶ 13).

Defendant seeks dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). As grounds for its Motion, Defendant states that Plaintiffs' claims are barred by the statute of frauds. *See Skarda v. Skarda*, 87 N.M. 497, 501, 536 P.2d 257, 261 (N.M. 1975)(Under New Mexico law, oral agreements not to be performed within one year are within the statute of frauds and void). Plaintiffs oppose the Motion claiming that the statute of frauds is not a bar if the contract is partially performed or if there are sufficient, written memorandums.

Plaintiffs contend that partial performance removes the alleged contract from the statute of frauds. As a general principle, the equitable doctrine of part performance is not applicable to a contract which is within the statute of frauds as one not to be performed within a year. *Bosque Farms Home Ctr., Inc. v. Tabet Lumber Co., Inc.*, 107 N.M. 115, 118, 753 P.2d 894, 897 (N.M. 1988). *See also Westerman v. City of Carlsbad*, 55 N.M. 550, 554, 237 P.2d 356, 358 (N.M. 1951)(Part performance of services under a parol contract not to be performed within a year does not remove the contract from the operation of the statute of frauds). One exception to the general rule is the principle that equity will regard the bar of the statute of frauds as removed if plaintiff's performance is such that it would amount to fraud upon the plaintiff to use the statute as a defense. *Nashan v. Nashan*, 119 N.M. 625, 630, 894 P.2d 402, 407 (N.M. Ct. App. 1995); *Holton v. Reed*, 193 F.2d. 390, 394 (10th Cir. 1951)(Where one party to an oral contract has, in reliance thereon, so far performed his part of the agreement that he would suffer an unjust or unconscionable injury and loss if the other party should

be permitted to set up the statute as a defense, equity will regard the case as removed from the operation of the statute and will enforce the contract by decreeing specific performance of it or by granting other appropriate relief).

In this case, Plaintiffs allegedly performed approximately eight months of the purported three-year oral contract for services. (Compl. ¶ 6, 7, 10, 12, 13, 16.) The Court finds that the services provided by Plaintiffs were mere part performance of a services contract and that Defendant's non-performance does not amount to fraud and did not cause an unjust or unconscionable injury to Plaintiffs. *See Westerman,* 55 N.M. at 553-555, 237 P.2d. at 357-358 (holding that partial performance of a period of one year and three months of an alleged two-year oral contract did not remove the appellant's claim of breach of oral contract from the statute of frauds); *Nashan*, 119 N.M. at 630, 894 P.2d at 407 (explaining that the performance must be such that the remedy of monetary restitution is not reasonably adequate, making it very unjust for the defendant to hide behind the statute of frauds); *Compare to Holton*, 193 F.2d. at 394 (arguing that the oral contract to convey stock upon death of either party was removed from the statute of frauds where the parties had carried out the major portion of the contract).

The statute of frauds may be satisfied by a memorandum in writing which can consist of several writings adequate to properly evidence the existence and terms of the contract. *Pitek v. McGuire*, 51 N.M. 364, 371, 184 P.2d 647, 651 (N.M. 1947). To satisfy the requirements of the statute of frauds, however, a memorandum must be signed by the party to be bound in which he admits that the parties had an oral contract, sufficiently stating therein its essential terms. *Traub v. Nason & Childers*, 57 N.M. 473, 475, 260 P.2d 379, 380 (N.M. 1953) (citing *Pitek*, 51 N.M. at 373, 184 P.2d at 653. *See also Pitek,* 51 N.M. at 375, 184 P.2d at 654 quoting *Williams v. Morris, Ex'r.*, 95 U.S. 444, 24

L.Ed. 360 (U.S. 1877)("Unless the essential terms of the sale can be ascertained from the writing itself, or by reference in it to something else, the writing is not a compliance with the statute; and if the agreement be thus defective it cannot be supplied by parol proof, for that would at once introduce all the mischief which the statute was intended to prevent").

The Court notes that there has not been any discovery in this case (*See* Order (Docket No. 5), filed April 27, 2001, staying all other proceedings pending a ruling on this Motion). Having reviewed the Complaint, it does not appear beyond doubt that Plaintiffs can prove no set of facts supporting the Complaint's claims that would entitle them to relief. *See Jennings v. Ruidoso Racing Association, Inc.*, 79 N.M. 144, 146; 441 P.2d 42, 44 (N.M. 1968)(It must be remembered that the memorandum, sufficient to satisfy the statute of frauds, need not in itself amount to a contract. . . . The statute of frauds only requires that there be written evidence to prove that the particular contract was made). Accordingly, the Motion shall be denied at this time.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss (Docket No. 6), filed March 19, 2001, is **denied.**

_____
**UNITED STATES DISTRICT JUDGE**