## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CHARLES GALLEGOS and KRISTI
GALLEGOS, husband and wife,
d/b/a "Reliable Courier Express,"

        Plaintiffs,

        vs.                                No. CIV 01-0290 LH/RLP

CSK AUTO, INC.,

        Defendant.

## <u>MEMORANDUM OPINION</u>

**THIS MATTER** comes before the Court on the Motion for Summary Judgment (Docket No. 16) by Defendant CSK Auto, Inc. (CSK). The Court, having considered the Motion and briefs, as well as relevant case law, finds that the Motion for Summary Judgment is well-taken and will be **granted**.

### <u>Background</u>

The facts of this case, as alleged in the Complaint, are as follows. In March 2000, Plaintiffs and Defendant entered into an oral agreement whereby Plaintiffs were to provide delivery and courier services to Defendant on a continuing basis, based upon Plaintiffs' standard pricing. (Compl. ¶¶ 6, 8.) Plaintiffs, on a weekly basis, would submit invoices for services rendered to Defendant, and Defendant would fully pay those invoices upon receipt. (*Id.* at ¶ 6.) The term of the oral agreement would be for a minimum of three years unless extended by mutual agreement of the parties. (*Id.* at ¶¶ 6, 7, 8.) Despite Defendant's representation to Plaintiffs that it would reduce the oral agreement to writing, a written form of the oral contract was never delivered to Plaintiffs. (*Id.* at ¶ 8.) Plaintiffs

fully performed the contract for eight months when Defendant breached the contract by terminating the contract.  (*Id.* at ¶¶ 10, 12, 16.)  Defendant has refused to continue performance of the contract. (*Id.* at ¶ 13.)

Plaintiffs initially filed this action in state court, bringing claims of Breach of Contract and Breach of the Duty of Good Faith and Fair Dealing.  Shortly after Defendant removed the case to this Court on grounds of diversity, it filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6).  In that Motion, Defendant asserted that Plaintiff's claims were barred by the statute of frauds. Defendant argued that because the agreement was for more than one year, the statute of frauds requires that there be a written contract.  The Court found that Plaintiffs' part performance of the service contract and Defendant's nonperformance "d[id] not amount to fraud and did not cause an unjust or unconscionable injury to Plaintiffs," and it denied the Motion to Dismiss because discovery, which might uncover written memoranda sufficient to satisfy the statute, had been stayed.  (Mem. Op. and Order (Docket No. 11) at 3-4.)  Following limited discovery, Defendant now moves for summary judgment.

**Standard for Summary Judgment**

Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  On review, the party opposing summary judgment benefits from all reasonable doubts in determining whether a genuine material factual issue exists.  *Id.* at 331.

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action. . . . Rule 56 must be construed with due regard not only for the rights of persons asserting claims . . . that are adequately based in fact to have those claims . . . tried to a jury,

> but also for the rights of persons opposing such claims . . . to demonstrate in the manner provided by the Rule, prior to trial, that the claims . . . have no factual basis.

*Id.* at 327.

Rule 56 of the Federal Rules of Civil Procedure provides that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. *Id.* at 317. "The burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court --that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Upon such a showing,

> [the] adverse party may not rest upon the mere allegations or denials of the party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

In this case, Defendant is seeking summary judgment on Plaintiff's Complaint. As movant, Defendant must establish a right to summary judgment by showing that the pretrial record demonstrates that it is entitled to judgment as a matter of law, and that no reasonable factfinder at trial could find that Defendant has not discharged its burden. *See generally Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252-55 (1986).

In response, Plaintiffs may not rest upon their pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). This means that Plaintiffs must produce evidence supporting their position. *See Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 671 n.1 (10th Cir. 1998). The summary judgment material relied upon by the nonmovant is viewed in the light most favorable to it; however, that material must contain probative evidence that would allow a trier of fact to find in its favor. *See Anderson*, 477 U.S. at 249-50. Finally, this Court must bear

in mind that determining credibility, weighing evidence, and drawing inferences are jury functions, not those of a judge at summary judgment. *Id.* at 255.

**Defendant's Motion for Summary Judgment**

In its Motion for Summary Judgment, Defendant again asserts that no written contract exists, and Plaintiffs' claims are therefore barred by the Statute of Frauds. The Plaintiffs look to several documents to try to show that there were sufficient writings to satisfy the statute of frauds. On March 7, 2000, CSK faxed a request for a proposal of services to the Gallegos'. This request included the destinations to which the deliveries would be made, as well as what delivery times would be required. (*See* Memo. Supp. Def.'s Mot. Summ. J. Ex. A-6.) On March 13, 2000, the Gallegos' faxed a proposal for services to CSK. This document includes delivery rates and times. On this document is a handwritten notation that reads "2 yr. Contract." *(Id.* Ex. A-7.) The Gallegos' point to this notation as evidence that there was an agreement to a term of at least two years. Eric Henkel, a representative of CSK, which provided this document, states that after receiving the fax he made the notation during a conversation with his supervisor, and not while speaking with the Gallegos'. Henkel states that he never discussed a two-year agreement with the Gallegos'. (*Id.* at ¶ 8.) On March 17, 2000, the Gallegos' faxed CSK a document that also lists delivery rates and times. (*Id.* Ex. A-8.) On March 22, 2000, CSK faxed the Gallegos' a list of the contact people at each delivery destination. (*Id.* Ex. E-6.) CSK also faxed a list of delivery guidelines that the Gallegos' were to follow. (*Id.* Exs. E-10, E-11.) On October 31, 2000, CSK faxed the Gallegos' notice that the agreement would be terminated. (*Id.* Ex. A-3.) Plaintiffs contend that when all of these documents are taken together, they specify the essential terms of the contract.

Plaintiffs argue in the alternative that CSK is barred from asserting the statute of frauds defense because of the doctrine of equitable estoppel.  Plaintiffs contend that they repeatedly requested a written form of their agreement from the Defendant, and that the Defendant promised to send them one, but that the Defendant never complied.  Plaintiffs further contend that CSK promised that the contract would be in place on a continuing basis for a  minimum of three years.  Based on these representations, Plaintiffs assert that they substantially increased their resources, including buying assets such as trucks and equipment, hiring additional personnel, expanding existing delivery routes, opening an office in El Paso, and securing Department of Transportation authority to make interstate deliveries.  Plaintiffs argue that if these misrepresentations were made, a reasonable jury could conclude that a statute of frauds defense is barred by the doctrine of equitable estoppel.

**<u>Discussion</u>**

<u>Statute of Frauds</u>

One of the circumstances in which the statute of frauds is invoked is when an agreement cannot be performed in one year.  See *Skarda v. Skarda*, 87 N.M. 497, 501, 536 P.2d 257, 261 (1975).  In this case, the alleged agreement was for a three-year provision of services.  Because three years of services cannot be performed in one year, the statute of frauds applies.

Generally, for an oral contract to be enforceable under the statute of frauds, there must be "some writing subsequently made, . . . stating each of its essential elements, signed by the person to be charged."  *Pitek v. McGuire,* 51 N.M. 364, 371, 184 P.2d 647, 651 (1947).  The agreement may be evidenced by several writings, but the "collateral papers must be referred to in the faulty memorandum itself."  *Id.* at 375, 184 P.2d at 654.  Such writings must include the essential terms of the contract, an admission the parties had an oral contract, and be signed by the party to be charged.

*See Traub v. Nason & Childers,* 57 N.M. 473, 475, 260 P.2d 379, 380 (1953)(quoting *Pitek,* 51 N.M. at 373, 184 P.2d at 653).

In the instant case, while there are several documents that are evidence of negotiations between the parties, none specifically refer to an oral agreement.  Furthermore, there is not one central document that incorporates the other documents.  Finally, the documents that show some of the terms of an agreement are not signed by a representative of CSK.  The fax memos appear to be nothing more than negotiations, and not specific references to an oral agreement.  A reasonable jury could not find that there is a memorandum referencing an oral agreement, that the sundry documents are linked, and that the documents showing terms of the agreement are signed by CSK.  Because the documents in exhibit do not constitute a memorandum of an oral contract, the parties' oral agreement is not removed from the statute of frauds.

Equitable Estoppel

Equitable estoppel is to be applied "only in the interest of justice, or when it will be inequitable not to apply it." *Montoya v. Hubbell,* 28 N.M. 250, 256, 210 P. 2d 227, 230 (1922).  The elements of equitable estoppel as related to the party estopped are:

> (1) Conduct which amounts to a false representation or concealment of material facts . . . ; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge . . . of the real facts.  As to the party claiming estoppel, [the elements] are: (1) Lack of knowledge . . . as to the facts is question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially."

*Westerman v. City of Carlsbad,* 55 N.M. 550, 555-56, 237 P.2d 356, 359 (1951).  Furthermore, equitable estoppel requires a finding of unjust or unconscionable conduct that would inflict an unjust or unconscionable injury.  *Holton v. Reed*, 193 F.2d 390, 393-94 (10th Cir. 1951)(applying New

Mexico law; application of equitable estoppel based on part performance requires "unjust or unconscionable conduct" resulting not merely in denial of rights intended to be conferred, but which "would inflict unjust and unconscientious injury and loss for which courts of law are unable to afford an adequate remedy"); *see also Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430 (10th Cir. 1996)(applying New Mexico law; finding genuine issue of material fact whether equitable estoppel tolled statute of limitations when defendants' claim of unreasonable reliance would lead to "inherently inequitable" result)*; Montoya*, 28 N.M. at 256, 210 P.2d at 230; *see generally* 8 RICHARD A. LORD, WILLISTON ON CONTRACTS §§ 27:13-17 (4th ed. 1999).

This Court previously held that the services provided by the Plaintiffs were "mere part performance of a services contract and that the Defendant's non-performance does not amount to fraud and did not cause an unjust or unconscionable injury to Plaintiffs." *(See* Mem. Op. and Order (Docket No. 11) at 3.)  Because New Mexico law requires that equitable estoppel only be applied when it would be inequitable not to apply it, the Plaintiffs, in essence, are asking this court to overturn a finding that it has already made in this case. They have offered no new evidence and no further argument as to why the Court should do so.  The Court remains convinced of the soundness of its earlier ruling and declines to apply the doctrine of equitable estoppel to the facts of this case.

Therefore, the Court finds that Plaintiffs' claims are barred by the statute of fraud, that Defendant's Motion for Summary Judgment will be granted, and that this case must be dismissed. An Order in accordance with this Memorandum Opinion shall be entered contemporaneously.

_____
**UNITED STATES DISTRICT JUDGE**